# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA

        Plaintiff,

v.                                 No. CV 12-00113 WJ/LAM

SAMUEL E. FIELDS,
JOHNETTE FIELDS,
NEW MEXICO DEPARTMENT OF
TAXATION AND REVENUE,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING
## UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS MATTER comes before the Court upon Plaintiff United States' Motion for Partial Summary Judgment Against Defendants Samuel Fields and Johnette Fields (**Doc. 54**). Defendants Samuel Fields and Johnette Fields have not filed a Response to the United States' Motion for Partial Summary Judgment. Having considered the United States' written arguments and the applicable law, the Court finds that Plaintiff's Motion is well-taken and, therefore, **GRANTED**.

### BACKGROUND

This case is brought by the United States seeking: (1) a judgment against Samuel Fields for personal liability for employment and unemployment taxes from 1993 through June 30, 2009; (2) to foreclose its federal tax liens against two pieces of real estate in which Samuel Fields had a full interest until he gifted a joint interest to his second wife, Johnette Fields, who is not liable for

the taxes; and, if required, (3) to set aside these transfers of partial ownership to Johnette Fields as fraudulent under the New Mexico Uniform Fraudulent Transfer Act, N.M. STAT. § 56-10-14 *et seq.* (1978).

Samuel Fields operated a dry cleaning business, Master Cleaners, from 1993 to 2009 as a sole proprietor. From October 1, 1993 through June 30, 2009, Samuel Fields filed federal employment tax returns (Form 941) and federal unemployment tax returns (Form 940) on Master Cleaners' behalf. In its Motion for Partial Summary Judgment, the United States avers that the Internal Revenue Service ("IRS") assessed a grand total of $211,855.80 against Samuel Fields for his federal employment and unemployment tax liabilities resulting from his ownership and operation of Master Cleaners. Account Transcripts attached as appendices show that Samuel Fields filed tax returns for these periods and that they remain unpaid. The United States argues that in an attached deposition, Samuel Fields admitted that he owes federal taxes for October 1, 1993 through June 30, 2009, and that he has no evidence to show that he does not owe these federal taxes.

On January 15, 2010, the United States filed three Notices of Federal Tax Lien against Samuel Fields in the property records of Lea County, New Mexico for these tax liabilities. The United States timely re-filed its Notice of Federal Tax Lien as to the assessments it made for Form 941 taxes owed for the quarters ending December 31, 2000, and March 31, 2000, as permitted under 26 U.S.C. § 6323(g). The United States also timely re-filed its Notice of Federal Tax Lien as to the assessments it made for Form 940 taxes owed for 2000, also as permitted under 26 U.S.C. § 6323(g).

Samuel Fields is the current owner of an interest in two real properties located in Hobbs, New Mexico, which are subject to the United States' federal tax liens. One real property is the

residence of Samuel Fields and Johnette Fields; the second is the location of operations for Master Cleaners. In 1971, Samuel Fields jointly purchased the residence with his first wife, Jennifer Fields. In 1982, Samuel Fields jointly purchased the Master Cleaners property with Jennifer Fields. In 1993, Samuel Fields was divorced from Jennifer Fields, and she deeded her interest in both the residence and the Master Cleaners property to Samuel Fields. The IRS made assessments against Samuel Fields beginning on September 25, 1995. The United States' tax liens attached to his property, both real and personal, on September 25, 1995. Defendant New Mexico Department of Revenue and Taxation has also filed a lien against Samuel Fields, but has disclaimed any interest in the residence and Master Cleaners property, and has been dismissed as a party to this action.

Samuel Fields filed a Chapter 13 petition on March 22, 1996. *See In re Samuel E. Fields*, Case No. 96-11222 (Bankr. D.N.M.). The Chapter 13 proceeding was dismissed on February 27, 2001. Additionally, Samuel Fields submitted an Offer in Compromise Form 656 to the IRS in an effort to compromise the employment taxes owed for tax periods July 1, 1985 through March 31, 2001, as well as his unemployment taxes owed for tax years 1984 through 2000. The Offer in Compromise was processable by the IRS on March 26, 2004 and was rejected on January 5, 2005. Consequently, Samuel Fields' Offer in Compromise remained pending for 285 days.

Samuel Fields was the sole owner of the residence and Master Cleaners property from 1993 through January 2005. On or about January 14, 2005, Samuel Fields executed deeds to the residence and Master Cleaners property, stating that he and his second wife, Johnette Fields, were the joint owners of these properties. The Government alleges that Samuel Fields and Johnette Fields both stated in their answers to the United States' Interrogatories that Johnette Fields did not pay any consideration to Samuel Fields in exchange for being added as a joint

3

owner of the residence or the Master Cleaners property. Johnette Fields further testified in her deposition that she did not pay anything to Samuel Fields in exchange for being added as a joint owner of the residence or the Master Cleaners property.

The United States filed a Motion for Summary Judgment (**Doc. 54**) on July 13, 2015. The Defendants Samuel Fields and Johnette Fields have not filed a Response to the United States' Motion for Summary Judgment. On February 24, 2016, the United States filed a Notice of Completion of Briefing (**Doc. 63**), noting that they have filed the Motion for Summary Judgment, five appendices to the Motion for Summary Judgment, and an unopposed Motion for Leave to File Excess Pages (**Doc. 53**) without any response from Samuel Fields or Johnette Fields.

## LEGAL STANDARD

Summary judgment is appropriate where the pleadings, discovery materials, and affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit, and the dispute is "genuine" if a rational jury could find in favor of the nonmoving party on the evidence presented. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citations omitted).  In ruling on a motion for summary judgment, the Court may neither make credibility determinations nor weigh the evidence but must view the record and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Gossett v. Oklahoma*, 245 F.3d 1172, 1175 (10th Cir. 2011) (quotation omitted).

The party seeking summary judgment bears the initial burden of showing that there is an absence of evidence to support the nonmoving party's case. *See, e.g.*, *Celotex*, 477 U.S. at 323;

*Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, the nonmoving party must designate specific facts showing that there is a genuine issue for trial. *See, e.g.*, *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 256. The existence of some alleged, immaterial factual dispute between the parties or a mere "scintilla of evidence" supporting the nonmoving party's position will not defeat an otherwise properly supported motion for summary judgment. *See Anderson*, 477 U.S. at 252, 256.

## DISCUSSION

The United States presents three arguments for why they are entitled to: (1) a judgment against Samuel Fields for personal liability in the amount of $211,855.80 for employment and unemployment taxes arising out of 1993 through June 30, 2009; (2) foreclose its tax liens arising from assessments made *before* January 14, 2005 against the residence and the Master Cleaners property, and to apply 100% of the net proceeds after costs of sale to Samuel Fields' employment and unemployment tax liabilities for periods from 1993 through March 30, 2001; and (3) to foreclose it tax liens arising from assessments made *after* January 14, 2005 against the residence and the Master Cleaners property, and to apply 50% of the net proceeds after the costs of sale to Samuel Fields' employment and unemployment tax liabilities for periods from March 31, 2005 through June 30, 2009. The United States notes that their claim for fraudulent transfer by Samuel Fields may not have to be reached if the Court grants the relief requested in this motion *and* the properties can be sold for an amount to satisfy both the unpaid taxes and Johnette Fields' joint interest. The Court addresses each argument in turn.

## I.   Samuel Fields' Federal Tax Liability

The United States argues that Samuel Fields' employment and unemployment tax liabilities from 1993 through 2009 are derived from tax returns that he filed. *See* Doc. 58. The

$211,855,80 in taxes, penalties, and interest remain unpaid, established through IRS Literal Account Transcripts through May 4, 2015. The United States argues that courts have held that certified transcripts establish presumptive proof of valid tax assessments. *See Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992). To overcome this presumption, the taxpayer must provide some evidence showing that liability is incorrect or improperly assessed. *See Stallard v. United States*, 12 F.3d 489, 493 (5th Cir. 1994). Here, Samuel Fields has admitted that he owes federal taxes from October 1, 1993 through June 30, 2009, and has provided no evidence to show that the taxes as alleged in the United States' First Amended Complaint are not owed.

The United States notes that 26 U.S.C. § 6502(a) provides that the statute of limitations for collection expires ten (10) years after the date of assessment. On October 23, 1995, the IRS made assessments against Samuel Fields for his unpaid employment taxes for the fourth quarter of 1993. The ten year statute of limitations period for the collection of the assessment would have expired on October 23, 2005 without any extensions or suspensions.

However, under 26 U.S.C. § 6503(a)(1), the statute of limitations is suspended anytime the IRS is unable to collect the tax by levy or proceeding in Court, and the statute of limitations is further extended by an additional six (6) months for cases under Title 11 of the United States Code, 26 U.S.C. § 6503(h). Here, the United States argues that the bankruptcy proceeding filed by Samuel Fields prevented the IRS from taking any collection actions for 4 years, 11 months, and 5 days. Accordingly, Samuel Fields' Chapter 13 bankruptcy case extended the statute of limitations for collection for employment taxes for the fourth quarter of 1993 by 4 years, 11 months, and 5 days, plus an additional six (6) months.

In addition, the United States argues that an Offer in Compromise prohibits the IRS from collecting the tax by levy or proceeding in court while the Offer in Compromise is pending, and

6

thus, suspends the statute of limitations for that time period. *See* 26 U.S.C. §§ 6331(i)(5), (k). If

an Offer in Compromise is rejected by the IRS, the statute of limitations for collection is also

suspended for an additional thirty (30) days. *See* 26 U.S.C. §§ 6331(i)(5), (k)(B). Here, Samuel

Fields submitted an Offer in Compromise Form 656 for the employment taxes owed for tax

periods July 1, 1985 through March 31, 2001, and his unemployment taxes owed for tax years

1984 through 2000. The Offer in Compromise was  processable by the IRS on March 26, 2004,

and was rejected on January 5, 2005. Consequently, the Offer in Compromise extended the

statute of limitations for collection of the taxes included in the Offer by 285 days, plus an

additional thirty (30) days. The United States calculates the statute of limitations for collection of

the fourth quarter of 1993 employment tax assessments against Samuel Fields as follows:

Original assessment: October 23, 1995
Plus 10 years on the original collection statute: October 23, 2005
Plus 4 years,11 months, and 5 days due to the Chapter 13 proceeding: September 28, 2010
Plus 6 months due to Chapter 13 per § 6503(h)(2): March 28, 2011
Plus 285 for the Offer in Compromise per §§ 6331(i)(5) and (k): January 7, 2012
Plus 30 days for the Offer in Compromise per §§ 6331(i)(5) and (k)(B): February 6, 2012

The United States filed its Complaint on February 3, 2012. Thus, the United States argues

that the statute of limitations had not run when the Complaint was filed and is further extended

under 26 U.S.C. § 6502 while this suit is pending and until any judgment obtained in this suit is

paid. For the same reasons, the United States argues that the statute of limitations for the latter

assessed employment taxes owed by Samuel Fields has not run for the periods ending September

30, 1995; December 31, 1995, and the later assessed unemployment taxes for tax years 1993,

1994, and 1995.

Additionally, the United States argues that the statute of limitations for collection of the

tax assessments made against Samuel Fields for the fourth quarter of 2000 is still open, due to

Samuel Fields' submission of the Offer in Compromise. The United States calculates the statute

of limitations for collection of the fourth quarter of 2000 against Samuel Fields as follows:

Original assessment: March 26, 2001
Plus 10 years on the original collection statute: March 26, 2011
Plus 285 for the Offer in Compromise per §§ 6331(i)(5) and (k): January 5, 2012
Plus 30 days for the Offer in Compromise per §§ 6331(i)(5) and (k)(B): February 4, 2012

Accordingly, as the United States' Complaint was filed on February 3, 2012, the statute of limitations for collection of the employment taxes owed for the fourth quarter of 2000 had not run and is further extended under 26 U.S.C. § 6502 while this suit is pending and until any judgment obtained in this suit is paid.

Thus, the United States argues that Samuel Fields is personally liable and indebted to the United States for $211,855,80 in unpaid employment and unemployment taxes, plus prejudgment and post judgment at the rates provided in 28 U.S.C. § 1961 and 26 U.S.C. §§ 6601 and 6621 until paid.

The Court agrees with the United States that their arguments and attached appendices establish presumptive proof that the IRS validly assessed employment and unemployment tax liabilities from 1993 through 2009 derived from tax returns filed by Samuel Fields, and that Samuel Fields has provided no evidence to show that the taxes as alleged in the United States' First Amended Complaint are not owed. Additionally, the Court agrees with the United States' calculation that the statute of limitations for collection of the fourth quarter of 1993 employment tax assessments against Samuel Fields are correct and that the statute of limitations had not run when the Complaint was filed. The Court also agrees that the statute of limitations for the assessed employment taxes owed by Samuel Fields has not run for periods ending September 30, 1995; December 31, 1995, and the later assessed unemployment taxes for tax years 1993, 1994, and 1995.

The Court also agrees with the United States' calculation that the statute of limitations for

collection of tax assessments in the fourth quarter of 2000 against Samuel Fields had not run when the Complaint was filed. Additionally, these statutes of limitations are further extended under 26 U.S.C. § 6502 while this suit is pending and until any judgment in this suit is paid.

Thus, the Court finds that the United States is entitled to a judgment against Samuel Fields for personal liability in the amount of $211,855.80 for employment and unemployment taxes arising out of 1993 through June 30, 2009.

## II.     Federal Tax Liens Against Samuel Fields

Next, the United States argues that the federal tax liens against Samuel Fields attach to and may be foreclosed upon his residence and the Master Cleaners property.

First, the United States argues that the federal tax liens arising from assessments made *before* January 14, 2005 encumber and are superior to both Samuel Fields and Johnette Fields' interest in the residence and the Master Cleaners property. If a person refuses or fails to pay federal taxes owed after demand for payment, a statutory tax lien arises and attaches to all property and rights to property owned by such person on the dates the taxes are assessed and acquired thereafter. *See* 26 U.S.C. §§ 6321, 6322; *United States v. National Bank of Commerce*, 472 U.S. 713, 719 (1985). When the IRS made assessments against Samuel Fields for unpaid federal employment (Form 941) and unemployment (Form 940) taxes, statutory federal tax liens arose against all of Samuel Fields' property under 26 U.S.C. §§ 6321 and 6322. The United States argues that the statutory tax liens arising from assessments made before January 14, 2005 (when Samuel Fields transferred a joint interest to Johnette), attached to Samuel Fields' 100% ownership in these properties. Thus, the statutory tax liens will always defeat a taxpayer's interest in the property and will also defeat a third party's interest in property unless that third party qualifies for one of the protections found in 26 U.S.C. § 6323. *See United States v. Cache*

*Valley Bank*, 866 F.2d 1242, 1244–45 (10th Cir. 1989). Under 26 U.S.C. § 6323, certain secured interest holders, judgment lien creditors, and purchasers are given priority over unfiled tax liens. However, in this case, Johnette Fields holds no lien or judgment on the properties, and the deeds giving Johnette Fields a joint interest do not make her a "purchaser" within the meaning of § 6323. The United States concludes that although the United States did not perfect their statutory tax liens against third party purchasers and other lien holders by filing a public notice of its tax liens in the county records until January 15, 2010, these statutory liens are nonetheless superior to any interest held by Samuel Fields as the taxpayer and any interest given to Johnette Fields without consideration.

Thus, the United States is entitled to foreclose its tax liens arising from assessments made before January 14, 2005 against the residence and the Master Cleaners property, and is entitled to sell those properties free and clear of all interests to apply 100% of the net proceeds after costs of sale to Samuel's Fields employment and unemployment tax liabilities for periods in 1993 through March 31, 2001. This amount on May 31, 2015 was $93,340.

Second, the United States argues that the federal tax liens arising from assessments made *after* January 14, 2005 currently encumber and are superior to Samuel Fields' remaining interests in the residence and Master Cleaners property. On January 14, 2005, Samuel Fields executed two deeds making Johnette Fields a joint owner, along with himself, of each of the two properties. The conveying deeds state that Samuel Fields and Johnette Fields are joint tenants with rights of survivorship. The statutory tax liens resulting from the tax assessments made after the gift to Johnette Fields also attach to all of Samuel Fields' property. Because he retained a joint ownership interest in these properties, the United States' federal tax liens attached only to Samuel Fields' portion of ownership interest in the properties. *See United States v. Craft*, 535

10

U.S. 274, 281–82 (2002). The United States argues that in *Aquilino v. United States*, 363 U.S. 509, 514 (1960), the Supreme Court held that property interests are determined under state law, whereas the priority of federal tax liens is determined by federal law. As the property in question is located in New Mexico, New Mexico law applies. Under New Mexico law, a joint tenancy in real property is "one owned by two or more persons, each owning the whole and an equal undivided share, by a title created . . . by conveyance from a sole owner to himself and others . . . when expressly declared in the conveyance to be a joint tenancy . . ." N.M. STAT. ANN. § 47-1-36 (1971). As Samuel Fields and Johnette Fields' joint tenancy is expressly declared in the deeds, Samuel Fields owns an equal share of the properties. Thus, on or after January 14, 2005, Samuel Fields' ownership interest in the residence and Master Cleaners property is 50% of the value of each property.

The United States notes that they may have to pay half of the remaining equity to Johnette Fields to compensate her for her joint interest in the properties, depending on whether the transfer of those joint interests can be set aside under § 56-10-18 of the New Mexico Uniform Fraudulent Transfer Act. However, because the fraudulent transfer act may involve a factual determination as to Mr. Fields' intent, the United States has not included it in their Motion for Partial Summary Judgment.

Thus, the United States is entitled to foreclose its tax liens arising from assessments made after January 14, 2005 against Samuel Fields' 50% interest in the residence and the Master Cleaners property, and is entitled to sell those properties free and clear of all interests to apply 50% of the net proceeds after costs of sale to Samuel's Fields employment and unemployment tax liabilities for periods in March 31, 2005 through June 20, 2009. This amount on May 4, 2015 was $118,515.54.

Finally, the United States notes that despite being the residence of Samuel and Johnette Fields, the Court has jurisdiction to foreclose upon the residence, as once the United States establishes its tax lien interest in the taxpayer's property, 26 U.S.C. § 7403(c) allows district courts to order a sale of that property, regardless of homestead exemptions or other owners' interests. *See United States v. Craft*, 535 U.S. 274, 281–82 (2002).

The Court agrees with the United States that the federal tax liens arising from assessments made *before* January 14, 2005 encumber and are superior to both Samuel Fields and Johnette Fields' interest in the residence and the Master Cleaners property. As Johnette Fields holds no lien or judgment on the properties, and the deeds giving Johnette Fields a joint interest do not make her a "purchaser" within the meaning of § 6323, although the United States did not perfect their statutory tax liens until January 15, 2010, these statutory liens are superior to any interest held by Samuel Fields as the taxpayer and any interest given to Johnette Fields without consideration. Thus, the Court finds that the United States is entitled to foreclose its tax liens arising from assessments made before January 14, 2005 against the residence and the Master Cleaners property, and is entitled to sell those properties free and clear of all interests to apply 100% of the net proceeds after costs of sale to Samuel's Fields employment and unemployment tax liabilities for periods in 1993 through March 31, 2001.

The Court also agrees with the United States that the federal tax liens arising from assessments made *after* January 14, 2005 currently encumber and are superior to Samuel Fields' remaining interests in the residence and Master Cleaners property. Because Samuel Fields retained a joint ownership interest in these properties, the United States' federal tax liens attach only to Samuel Fields' portion of ownership interest in the properties. Thus, the Court finds that United States is entitled to foreclose its tax liens arising from assessments made after January 14,

2005 against Samuel Fields' 50% interest in the residence and the Master Cleaners property, and is entitled to sell those properties free and clear of all interests to apply 50% of the net proceeds after costs of sale to Samuel's Fields employment and unemployment tax liabilities for periods in March 31, 2005 through June 20, 2009.

In conclusion, the Court finds that the United States is entitled to a judgment against Samuel Fields for personal liability in the amount of $211,855.80 for employment and unemployment taxes arising out of 1993 through June 30, 2009. Additionally, the Court finds that the United State is entitled to foreclose its tax liens arising from assessments made before January 14, 2005 sell those properties free and clear of all interests to apply 100% of the net proceeds after costs of sale to Samuel's Fields employment and unemployment tax liabilities for periods in 1993 through March 31, 2001. The United States is further entitled to foreclose its tax liens arising from assessments made after January 14, 2005 against Samuel Fields' 50% interest in the residence and the Master Cleaners property, and is entitled to sell those properties free and clear of all interests to apply 50% of the net proceeds after costs of sale to Samuel's Fields employment and unemployment tax liabilities for periods in March 31, 2005 through June 20, 2009.

**THEREFORE**, for the reasons stated herein, the Court finds that Plaintiff's Motion for Partial Summary Judgment Against Defendants Samuel E. Fields and Johnette Fields is hereby **GRANTED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE